

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00303-CR

BILLY ANDREW ALLRED                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

## FROM THE 271ST DISTRICT COURT OF WISE COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Billy Andrew Allred appeals his conviction following a jury trial for intoxication manslaughter. Appellant did not appear for the second day of trial. After an investigator found Appellant intoxicated at his home, the trial court found that Appellant had voluntarily absented himself, and the trial proceeded without Appellant present.[2] The jury convicted Appellant and assessed his punishment

---

[1]See Tex. R. App. P. 47.4.

[2]A subsequent test that day was positive for cocaine and marijuana.

at twenty-years' confinement with a $10,000 fine, and the trial court sentenced Appellant accordingly.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of the motion. In the brief, counsel avers that, in her professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for appeal.[3] We gave Appellant an opportunity to file a pro se brief, but he did not do so. The State did not file a brief.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*,

---

[3]In the brief, Counsel presented an "arguable" point of error questioning whether Appellant remained voluntarily absent from trial once he was in custody, not at trial, but still suffering the effects of cocaine and marijuana use. Counsel acknowledges, however, that Appellant did not preserve this point for appellate review. *See Fajardo v. State*, No. 13-06-00081-CR, 2007 WL 2199633, at *1 (Tex. App.—Corpus Christi Aug. 2, 2007, pet. ref'd) (mem. op., not designated for publication) (holding complaint that trial court failed to ask the appellant whether he had voluntarily absented himself not preserved by failure to object); *see also Hill v. State*, No. 02-06-00094-CR, 2007 WL 866476, at *8–9, n.9 (Tex. App.—Fort Worth Mar. 22, 2007, pet. ref'd) (mem. op., not designated for publication) (discussing cases involving voluntary absences resulting from intoxication or suicide attempt and mentioning scenarios in which the appellant's presence at trial is more prejudicial than absence due to the appellant's behavior or demeanor).

904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the appellate record. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support any appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: GARDNER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 23, 2011